EDWARD W. EVANS, widower of Florence E. Evans, deceased, *vs.* PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY.

*Railroad Crossing—Testimony of Dangerous Character—Nonsuit —Failure to Show Negligence of Defendant—Contributory Negligence—Effect—Due Care—Presumption in Favor of Deceased; Rebuttable by Plaintiff's Testimony.*

1. A witness familiar with a railroad crossing as described by him will not be permitted to testify, against objection, that the crossing is a dangerous one, except where the conditions are unusual.

2. A witness familiar with a railroad crossing, after having stated that it was in the town of W. and was a much used crossing, was not permitted, against objection, to answer the question; "Is that, with all these circumstances, in your judgment, a dangerous crossing or not?"

3. A witness who had testified as to the point where the engine was when it stopped blowing, and that he frequently heard trains go by the store where he worked, near the crossing, was permitted to state whether, as a general thing, he did pay attention when trains go by.

4. On a motion for nonsuit, in an action for death by negligence at a railroad crossing, if negligence of the defendant be not shown by some testimony adduced by the plaintiff, or if it appears from the testimony presented by the plaintiff that the deceased was guilty of negligence at the time of the accident which proximately contributed to her death, a nonsuit will be granted.

5.   The railroad tracks at the crossing, where the deceased was killed, and for about a quarter of a mile southward, in the direction from which the train approached, were straight.   There was no obstruction, and nothing occurred at or about the time of the accident in any of the surrounding circumstances to prevent the deceased from seeing or hearing the approaching train, or to avoid danger, if she had looked and listened. She was in good health, in possession of her faculties of sight and hearing and familiar with the crossing.   She was on foot as she approached the crossing, walked fast without stopping until she was struck.   The whistle was blown some distance from the crossing, which several of plaintiff's witnesses, who were at the time very near the place of the accident, distinctly heard.   *Held*, that the deceased was guilty of such contributory negligence as will prevent a recovery.

6.   In an action for death by negligence, even though defendant was negligent in running train at a dangerous rate of speed, and in failing to blow whistle, ring bell, or give other proper and timely warning  the deceased was not relieved from exercising due and reasonable care to avoid the accident.

7.   In an action for death at a railroad crossing, the deceased is presumed to have been in the exercise of due care at the time of the accident, unless such presumption is rebutted by testimony adduced by the plaintiff

8.   When, in an action for death by negligence, the presumption that the deceased was in the exercise of due care, at the time of the accident, is rebutted, the rule of contributory negligence applies as in any case to which it is applicable.

(*April* 25–26, 1910.)


PENNEWILL, C. J., and BOYCE, J., sitting.

*Alexander M. Daly* for plaintiff.

*George M. Jones, John Biggs* and *Armon D. Chaytor, Jr.,* for defendant.

Superior Court, Kent County, April Term, 1910.

ACTION ON THE CASE (No. 13, October Term, 1909), for the recovery of damages for the death of plaintiff's wife.

(See same case in Supreme Court, 2 *Boyce.*)

During the course of the trial the following questions were objected to and ruled upon:

*By Mr. Daly:*

Q.   Familiar with that crossing as you are, and as you  have described it, do you consider that crossing a dangerous one?

(Objected to by counsel for defendant.)

PENNEWILL, C. J.:—Our recollection is that such testimony as you seek to have admitted now has never been admitted except where the conditions are unusual.  The objection is sustained.

Q.   This crossing is in what town?

A.   Wyoming.

Q.   Is this a much used crossing?

A.   Yes sir.

Q.   Is that, with all these circumstances, in your judgment, a dangerous crossing or not?

(Objected to by counsel for defendant; objection sustained.)


*By Mr. Biggs:*

Q.   Where was the engine when it stopped blowing?

A.   I imagine she was a hundred yards south of Hale's Crossing, but it wasn't to Hale's Crossing.

Q.   You work there at Mr. Massey's store?

A.   Yes sir.

Q.   And you frequently hear trains go by?

A.   Oh yes.          ,

Q.   And do you as a general thing pay attention when trains go by?

(Objected to by counsel for plaintiff and objection overruled.)


*By Mr. Daly:*

Q.   Did you see that train go over Hale's Crossing toward Broad Street Crossing?

A.   I did.

24 Del.]     Evans vs. P., B. and W. R. R.          565

Opinion—Motion for Nonsuit.

Q.   Was it running fast or slow?

A.   Fast.

Q.   To the best of your judgment, how fast was she running when she went over that crossing?

(Objected to by counsel for defendant, as being too remote from the place of the accident.)

PENNEWILL, C. J.:—The Court feel that if this testimony which is now sought to be introduced, stood alone and there was no other testimony, it would be perfectly immaterial and not admissible, but taken in connection with all the other testimony which has been admitted, respecting the speed of the train, we hardly see how the Court would be justified in excluding it, and we overrule the objection.

### MOTION FOR NONSUIT.

At the conclusion of plaintiff's testimony, counsel for defendant moved for a nonsuit, upon the following grounds: (1) That the plaintiff had failed to prove any negligence on the part of the defendant.    (2)   That the evidence of the plaintiff showed that plaintiff's decedent was guilty of contributory negligence.   In support of the motion, counsel for the defendant urged upon the Court the following:—

It is necessary that the plaintiff should have both alleged and proved negligence, on the part of the defendant, to entitle him to a recovery; for the burden of proving negligence rests upon the plaintiff.

*R. R. Co. vs. Reed*, 5 *Penn.* 226  (231), *Superior Court*; *Davis vs. Ry. Co.*, 5 *Penn.* 253 (256); *Snyder vs. Ry. Co.*, 4 *Penn.* 146; *Heidelbaugh vs. Ry. Co.*, 6 *Penn.* 209 (210); *Eaton vs. Ry. Co.*, 1 *Boyce* 435.

The burden of establishing contributory negligence,

"whenever it is relied upon in defense of the action, rests upon the defendant; proof  of such negligence may, however, arise out of the testimony of the plaintiff in the first instance."

*R. R. Co. vs. Reed*, 5 *Penn.* 226 (233).

"The law regards a railroad crossing as a place of danger. The very presence of such a crossing is notice to the person, approaching or attempting to cross it, of the danger of colliding

with a passing engine or train. And because of the danger, there is imposed upon such person the duty of reasonable care and caution, and the reasonable and ordinary use and exercise, of his senses of sight and hearing for his own and other's safety and protection; and he is required, at least, to look and listen for an approaching engine or train before venturing to cross the track. And, if, as it has been said, he fails to exercise such ordinary care, whatever danger he could thereby have discovered and avoided he incurs the peril thereof, if he proceeds for an injury arising under such fault, he is left without a remedy."

*Queen Anne's R. R. vs. Reed*, 5 *Penn.* 226 (234)—*Superior Court.*

"A person approaching a railway crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If, as he approaches the crossing, his line of vision is obstructed, he is bound to look for approaching cars in time to avoid a collision with them, and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, and he is thereby injured, he is guilty of negligence and could not recover therefor. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobtstructed."

*Knopf vs. Ry. Co.* 2 *Penn.* 392 (398); *Boudwin vs. Ry. Co.*, 4 *Penn.* 281 (385); *DiPrisco vs. Ry. Co.*, 4 *Penn.* 527.

Among her other duties it was incumbent on Florence E. Evans to look for the approaching train "*in time to avoid a collision*" with it. If she had looked in the direction from which the train came, as it was incumbent on her to do, she would have seen the train approaching in time to have avoided the accident by simply stopping.

*Bates vs. R. R.*, 84 *Hun.* 287; *Brandy vs. R. R. Co.*, 107 *Mich.* 100.

The fact that the deceased was walking and came into collision with the train adds to her evident negligence. Unlike a person who is driving a horse, which would be upon the track when the driver would still be several feet from it, she was in perfect safety until she came within the line of the engine. Until

she arrived within the line of the engine she could instantly have stopped and allowed the train to pass and then proceeded uninjured.    This she failed to do, and did not stop when she was in a place of safety, and where, if she looked, she must have seen the train.

*Elston vs. R. R. Co.*, 196 *Pa. St.* 595 (597): *Barthelmas vs. R. R. Co.*, 225 *Pa. St.* 597 (603–4); *R. R. Co. vs. Hefferman*, 57 *N. J. L.* 149; *Penn. R. R. Co. vs. Pfuelb*, 60 *N. J. L.* 278; *Pennsylvania Railroad Co. vs. Righter*, 13 *Vroom* 180; *Delaware, Lackawanna and Western Railroad Co. vs. Hefferan*, 28 *Vroom* 149; *Swanson vs. R. R. Co.*, 63 *N. J. L.* 605.

"There is not much room for a difference of judicial opinion, where the traveler  *  *  *  quietly walks, runs or drives against a moving train, contributory negligence being conclusively imputed to him."

2 *Thompson on Negligence (Ed.* 1901) *sec.*, 1672.

"Where the physical facts make it certain that the traveler could have seen the approaching car in time to have averted the injury to him if he had looked, he will not be heard to say that he looked, but did not see;  *  *  *  but he will be held to have seen what was obvious, and if he did not heed it, his conduct will present the case of a person thrusting himself rashly into danger, in which case he cannot make his own rashness and folly the ground of recovering damages from another."

2 *Thompson on Neg. sec.* 1445; *Parvis vs. R. R. Co.* 8 *Houst.* 436  (448); *Mullin vs. R. R. Co.* 5 *Penn.* 156; *Cowen vs. Deitrich*, 101 *Md.* 46 (49); *Allen vs. R. R. Co.* 197 *Mass.* 298 (301); *Tully vs. R. R. Co.* 134 *Mass.* 499 (501).

The day was clear, the view was unobstructed, and the deceased was in possession of her faculties.    If she looked in the direction from which the train came she must have seen it and if she listened she must have heard it.    If she saw or heard it, and took her chances on crossing before its arrival, she assumed the risk of the accident, and was guilty of contributory negligence, and therefore  the plaintiff cannot recover.    If she did not look and listen she was equally guilty of contributory negligence, and the plaintiff cannot recover.

Counsel for the plaintiff resisted the motion for nonsuit, claiming that it had been shown the defendant company was negligent (1) in failing to give the statutory warning to persons at or near the Broad Street Crossing in Wyoming, that its train was approaching the said crossing; (2) by the reckless running of its train at seventy miles per hour across the public streets in said town; and (3) in failing to ring bell, sound the whistle, or slacken speed as the train dashed from behind the standing freight train headed north when dangers at the said crossing were, and must have been, apparent to the servants on the approaching train causing the accident.

It was urged, on behalf of the plaintiff, that the deceased had a right to expect that the defendant company would perform its legal duty by giving due and timely warning of its approach to the crossing, and that the negligence of the defendant was the proximate cause of the death of the plaintiff's wife.

It was claimed that the alleged contributory negligence of the deceased was a question of fact for the jury, and not of law for the Court.

PENNEWILL, C. J., delivering the opinion of the Court:

We have very carefully considered the motion made for a nonsuit in this case and the arguments of counsel for and against the same.

There is no doubt about the law in this State that must control the Court in the decision of questions like the one before us.

In order that the plaintiff may recover in a case of such a character as this, there are two important things to be considered and determined.

(1) Was the death, for which damages are sought to be recovered, caused by the negligence of the defendant.

(2) Did the negligence of the deceased contribute proximately to the accident in which she was killed.

The negligence of the defendant must be shown by some testimony adduced by the plaintiff, otherwise the case will not

be permitted to go to the jury; and a nonsuit will be granted. If it appears from the testimony presented by the plaintiff that the deceased was herself guilty of negligence at the time of the accident, and that such negligence proximately contributed to her death, the case will not be permitted to go to the jury, and a nonsuit will be granted, even though the defendant was also guilty of negligence.

These principles are well settled in this State and binding upon the Court.

We will assume that the defendant was negligent and that the evidence of the plaintiff establishes that fact.

The important question then in determining the motion before us, is, does the evidence of the plaintiff show that there was contributory negligence on the part of the deceased?

Such evidence clearly establishes these facts:—

(1) That the railroad tracks, at the place of the accident and for about a quarter of a mile southward, were straight.

(2) That there was at the time of the accident, no obstruction, or anything in the way, of such a character as to prevent the deceased seeing the approaching train in time to avoid the danger, and there was nothing that occurred at or about the time of the accident in any of the surrounding circumstances to prevent her from seeing or hearing the approaching train if she had looked and listened as it was her duty to do before attempting to cross the tracks.

(3) That the deceased at the time of the accident was in good health and in the possession of her faculties of sight and hearing; she was familiar with the crossing where the accident happened and the conditions surrounding the same—having lived very near the crossing for more than twenty years, she was bound to know that the crossing was a place of danger.

(4) That the deceased was walking on foot as she approached the crossing, and had therefore full control of her movements; yet she walked fast and continued to do so without stopping until she was struck by the engine.

(5) That the whistle of the train was blown at Hale's Crossing, which several of the plaintiff's witnesses, who were at

the time, very near the place of the accident, distinctly heard, and it was in fact, the whistle, and the rumble or noise made by the movement of the train which first attracted their attention.

Such being the facts shown by the plaintiff, must we not conclude that the deceased was guilty of such contributory negligence as will prevent the plaintiff recovering in the action.

It does seem to us from the facts stated, that the only reasonable and rational conclusion must be that if the deceased had exercised due care, the accident would not have happened. Even though the defendant was negligent in running the train at an unusually high and dangerous rate of speed and in failing to blow the whistle again, ring the bell or give other proper and timely warning, the deceased was not thereby relieved from exercising due care to avoid the accident. It was her duty to use reasonable diligence, and she was bound to the reasonable use of her sense of sight and hearing, in order to see and know that she could safely cross over the tracks before she stepped upon them or got so close as to be in danger of being struck by any part of the passing train.

If she did look and listen before she stepped upon the crossing she must have seen or heard the approaching train. If she did see or hear it she must be supposed to have taken the risk of being able to get over the crossing in time. If she did not look and listen, then unfortunately, she failed to exercise the care and caution of an ordinarily prudent person and such as under the law she was required to exercise.

The track for a considerable distance was straight; there was nothing of such a character as to prevent or obstruct a reasonably fair view of the approaching train in time to avoid the accident; the train was making so much noise by reason of its great speed, and the whistle blown at or near Hale's crossing as to attract in an unusual way the attention of a number of persons in Wyoming even before it reached the town.

We do not forget the principle of law clearly recognized in this State, that the deceased is presumed to have been in the exercise of due care at the time of the accident. But it is equally well settled that such presumption may be rebutted by testimony

and by the testimony adduced on the part of the plaintiff; and when it is rebutted the rule of contributory negligence applies just as in any other case to which it is applicable.

We are not unmindful of another well recognized rule which is that a nonsuit should not be granted and the case taken from the jury unless the evidence produced on the part of the plaintiff makes it clearly the duty of the Court to do so.

We regret always the necessity of taking a case from the jury, but our action must be governed in every case by what we believe to be the law.    We are clearly of the opinion that under the well settled law of this State, assuming that the defendant was negligent in the operation of its train at and just before the time of the accident, still the deceased was also guilty of negligence and of such negligence as was operative at the time of the accident and contributed thereto.

Being clearly of such opinion our duty is plain and unavoidable, viz.: to grant the motion, and direct that a nonsuit be entered.

*Mr. Daly*:—If the Court please, I decline to take the nonsuit.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury —We direct you to return a verdict for the defendant, for the reasons we have just stated in granting the nonsuit.

Verdict, for defendant.